# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| RICHARD BETHELY (#609204) | CIVIL ACTION |
|---|---|
| VERSUS | |
| DARRYL VANNOY, ET AL. | NO. 19-463-JWD-RLB |

## ORDER

Before the Court is the petitioner's Motion to Stay and Abey Habeas Petition (R. Doc. 3) wherein the petitioner asks this Court to stay the proceedings herein until the petitioner has exhausted his state court remedies.

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contained even a single unexhausted claim – the "total exhaustion" requirement. *Rose v. Lundy,* 455 U.S. 509, 518–19 (1982).

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court created an exception to *Lundy* for mixed petitions. The Supreme Court held that a district court may stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court. *Id.* However, the Court feared that liberal use of this stay-and-abeyance procedure might undermine the Antiterrorism and Effective Death Penalty Act's twin purposes of encouraging the swift execution of criminal judgments and favoring the resolution of habeas claims in state court, if possible, before resorting to federal

review.  *Id.* at 276–78.  Therefore, *Rhines* mandated that a district court should grant a stay and abeyance only in limited circumstances where: (1) the petitioner had good cause for his failure to exhaust his claims first in state court, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  *Id.*

In the instant matter, the petitioner has not made any statements or offered any documentary proof regarding good cause, the merits of his claim, and the absence of dilatory tactics.  Accordingly,

**IT IS ORDERED** that the petitioner's Motion (R. Doc. 3) be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on August 30, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**